## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**JONATHAN HAYES,**

**Petitioner,**

**v.**                                                      **Case No. 5:14cv336-RH/CAS**

**UNITED STATES OF AMERICA,**

**Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On December 3, 2014, Petitioner Jonathan Hayes, proceeding pro

se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

ECF No. 1.   On April 23, 2015, Respondent filed an answer, with

attachments.   ECF No. 9.   Petitioner has not filed a reply, although given

the opportunity to do so.   *See* ECF No. 7.

The matter was referred to the undersigned United States Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).   After careful consideration,

the undersigned concludes Petitioner is not entitled to federal habeas relief

and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

Petitioner Jonathan Hayes, an inmate at the Federal Correctional Institution (FCI) in Marianna, Florida, filed this § 2241 petition challenging the computation of his federal sentence.   On January 30, 2008, Hayes was sentenced in Georgia state court to a ten-year term of imprisonment for violating his probation.   ECF No. 9-1 at 1; ECF No. 9-2 at 15.   On August 25, 2009, he escaped from the Georgia Department of Corrections (DOC).   ECF No. 9-1 at 1.   On October 6, 2009, he was arrested in Loudon County, Tennessee, on charges of theft, criminal trespass, and being a fugitive from justice.   *Id*.   "On October 28, 2009, Petitioner was sentenced to 11-months and 29-days suspended for Probation, Fugitive from Justice Charge Dismissed in Loudon County."   *Id*.

On January 4, 2010, Petitioner Hayes was borrowed from state custody by the U.S. Marshals Service (USMS) pursuant to a writ of habeas corpus ad prosequendum.   *Id*.   On May 20, 2010, Hayes was sentenced, following his guilty plea, in the U.S. District Court for the Eastern District of Tennessee, case number 3:09cr162, to a term of 66 months in prison for being a felon in possession of a firearm and knowingly possessing a stolen

firearm, with the sentences to be served concurrently.   *Id.*; ECF No. 9-2.
On June 23, 2010, the USMS returned Hayes to state authorities and his
federal judgment was filed as a detainer.   ECF No. 9-1 at 2; ECF No. 9-2
at 15.

On October 31, 2010, Hayes was sentenced in Hamilton County,
Tennessee, to a 14-month term of imprisonment for theft of property.   ECF
No. 9-1 at 2.   On January 23, 2013, Hayes was paroled from the Georgia
DOC and transferred to Hamilton County, Tennessee.   *Id.*   On January
28, 2013, he was paroled from the Tennessee DOC and inadvertently
released to the community.   *Id.*   On September 11, 2013, the USMS
arrested Hayes and placed him in federal custody to begin serving his
federal sentence.   *Id.*

On February 20, 2014, Hayes filed in the sentencing court a Motion
for Sentence Credits.   United States of America v. Hayes, No. 3:09cr162
(E.D. Tenn.), ECF No. 22.   In this motion, Hayes asked the court to order
that his federal sentence began on January 28, 2013, when he was
released from state authorities.   *Id.*   The government filed a response
opposing the motion, pointing out the request should be addressed to the

federal BOP, not the court, and presented to the court, in a habeas corpus petition pursuant to 28 U.S.C. § 2241, after Hayes has exhausted administrative remedies.   *Id.* ECF No. 32.   In an order entered June 12, 2014, the court denied Hayes' motion, explaining that "a prisoner seeking credit for time in custody under section 3585 must exhaust his administrative remedies through the Bureau of Prisons before petitioning a district court for review" and "there is no evidence in the record that the defendant has pursued his administrative remedies with the Bureau of Prisons as required."   *Id.* ECF No. 33.

As indicated above, Hayes filed this 2241 petition on December 3, 2014.   ECF No. 1.   He states he "would like to be credited for the time served between the time [he] was released January 28, 2013, until September 10, 2013, when the Federal Government decided to make [him] start [his] federal sentence, which was supposed to start immediately after [his] state sentence."   *Id.* at 6.   He indicates he exhausted his administrative remedies.   *Id.* at 3.

Respondent filed an answer, with attachments.   ECF No. 9. Respondent agrees Petitioner Hayes has exhausted his administrative

remedies.   *Id.* at 2.   Respondent asserts the Bureau of Prisons (BOP)

properly calculated Hayes' sentence and that computation is entitled to

deference.   *Id.* at 4.   Respondent also explains the Bureau of Prisons

reviewed the case for possible nunc pro tunc designation and determined

such was not appropriate.   *Id.* at 7-8.

    Hayes did not file a reply to Respondent's answer.   A review of the

docket in his Tennessee federal case reveals that he filed in that court, on

June 2, 2015, a Motion for Court Order on its Position for Retroactive

Designation as Requested by Bureau of Prisons."   United States of

America v. Hayes, No. 3:09cr162 (E.D. Tenn.), ECF No. 36.   In this

motion, he states he exhausted his administrative remedies with the BOP

and filed this § 2241 petition in this Court, the Northern District of Florida,

Panama City Division.   *Id.* at 1-2.   He further states, "Although, that

petition was subsequently denied, relevant to these proceedings is the

Response of Respondent [which he attaches]."   *Id.* at 2.   He further states

he has petitioned the BOP for nunc pro tunc designation, and the BOP

sought the position of the sentencing court, but to date, no response has

been received.   *Id.*   Thus, Hayes requests the sentencing court's position

on the matter of nunc pro tunc designation.   *Id.*   This motion appears to remain pending in the Tennessee federal court.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.   *See* <u>United States v. Hayman</u>, 342 U.S. 205 (1952).   The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.   Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.   *See* <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999).

Case No. 5:14cv336-RH/CAS

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Hayes' § 2241 petition challenges the execution of his sentence, specifically the BOP's calculation of his sentence and denial of his request for credit for the time between his release from Tennessee state authorities on January 28, 2013, and his arrest by federal authorities on September 11, 2013.   ECF No. 1 at 2, 6.   The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and compute sentence credit awards after sentencing.   18 U.S.C. §§ 3585(a), 3621(b); <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992); <u>Rodriguez v. Lamar</u>, 60 F.3d 745, 747 (11th Cir. 1995).   A federal sentence begins on the date the defendant is received in custody at the official detention facility designated by the BOP.   18 U.S.C. § 3585(a).

The parties here agree Petitioner Hayes exhausted his administrative remedies.   *See* ECF No. 1 at 3; ECF No. 9 at 2.   After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction.   *See* <u>Rodriguez</u>, 60 F.3d at 747.   "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give

effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting

Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S.

837, 842-43 (1984)).   If the statutory provision is silent or ambiguous, the

court must defer to the agency's reasonable interpretation unless the

interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'"

*Id.* (quoting Chevron, 467 U.S. at 844).

Petitioner Hayes is not entitled to relief in this case.   He is not

entitled to credit on his sentence for time he did not spend in custody.   *See*

18 U.S.C. § 3585(b).   A federal prison sentence "commences on the date

the defendant is received in custody awaiting transportation to, or arrives

voluntarily to commence service of sentence at, the official detention facility

at which the sentence is to be served."   18 U.S.C. § 3585(a).   Here,

Petitioner Hayes was received in federal custody on September 11, 2013,

and thus began serving his federal sentence on that day.   *See id.*; ECF

No. 9-1 at 2.

Respondent attaches the Declaration of Grace Woods-Coleman,

Management Analyst, Designation and Sentence Computation Center,

Federal BOP, dated April 13, 2015.   ECF No. 9-1.   Woods-Coleman

Case 5:14-cv-00336-RH-CAS   Document 12   Filed 12/19/16   Page 10 of 12

Page **10** of **12**

explains that she audited the sentence computation for Hayes and the

"audit revealed that the computation has been completed in accordance

with federal statute and BOP policy."   *Id.* at 1.   In addition to setting forth

Hayes' sentencing and incarceration history, Woods-Coleman explains:

> 16.   Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of
> imprisonment commences on the date the defendant is
> received in custody awaiting transportation to, or arrives
> voluntarily to commence service of sentence at, the official
> detention facility at which the sentence is to be served.
> Moreover, pursuant to 18 U.S.C. § 3585(b), a defendant is only
> entitled to credit towards the service of a term of imprisonment
> for any time he has spent in **official detention** prior to the date
> the sentence commences.
>
> 17.   Accordingly, Petitioner's sentence was commenced on
> September 11, 2013, the date he was placed into federal
> custody by the USMS.

*Id.* at 2.   Woods-Coleman further explains the BOP even considered

whether nunc pro tunc designation would be appropriate:

> 18.   As Petitioner's federal judgment and commitment order
> was silent regarding whether the term should run concurrent to
> his state term, the Bureau calculated the sentence to run
> consecutive to the state term.
>
> 19.   The Bureau reviewed merits in Petitioner's case in
> accordance with Bureau of Prisons Program Statement
> 5160.05, <u>Designation of State Institutions for Service of Federal
> Sentence</u>, and the factors provided in Title 18 U.S.C. § 3621(b),
> to determine if a retroactive concurrent nunc pro tunc

Case No. 5:14cv336-RH/CAS

designation would be appropriate.   See Attachment 3, Program
Statement 5160.05, pages 2-3 [ECF No. 9-2 at 12-13].

20.   On September 11, 2014, the Bureau contacted Petitioner's
sentencing court requesting the Court's position in regards to a
retroactive designation.   See Attachment 4, Letter to Judge
Thomas A. Varlan [ECF No. 9-2 at 15-16].

21.   In Petitioner's case, we have determined the relevant
factor[s] under Title 18 U.S.C. § 3621(b) are (2), (3), and (4).
Under factor (2), the federal offense is Felon in Possession of a
Firearm, and Knowingly Possessing a Stolen Firearm.
Petitioner's state offense is Burglary and Burglary of Auto.
Under factor (3) Petitioner's record indicates charges for
Possession of Alcohol by a Minor, Entering Auto (x2), Burglary,
Theft of Property, Burglary of an Automobile, Theft of Property
(x3), Setting Fire to Property, Theft up to $500, and Criminal
Trespass.   Under factor (4), the federal J&C was silent on
whether Petitioner's sentence should run consecutively or
concurrently to any other sentence.   See Attachment 5, 18
U.S.C. § 3621(b) worksheet [ECF No. 9-2 at 18].

22.   After not receiving a response from the sentencing court,
the Bureau concluded its review of Petitioner's sentence for a
nunc pro tunc designation, and determined one was not
appropriate.   See Attachment 5 [ECF No. 9-2 at 18].

23.   The Bureau has prepared a sentence computation for
Petitioner based on a 66-month term of incarceration beginning
September 11, 2013, the date he was brought into custody to
begin service of his sentence.   Petitioner is currently scheduled
to release from Bureau custody, via Good Conduct Time
Release, on October 2, 2017.   See Attachment 6, Sentence
Monitoring Computation Data [ECF No. 9-2 at 20-21].

24.   Petitioner's sentence computation [is] properly calculated
in accordance with federal statutes and BOP policy.

*Id*. at 2-3.

Based on the foregoing, Petitioner Hayes has not shown the BOP abused its discretion in ruling on his request for sentence credit or considering *nunc pro tunc* designation.   This § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2016.


**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**